[Civ. No. 19316. Second Dist., Div. One. July 31, 1953.]

ERROL JOE PALMER, Appellant, v. METRO-GOLDWYN-MAYER PICTURES et al., Defendants; LOEW'S INCORPORATED et al., Respondents.

Thomas P. Burke for Appellant.

Loeb & Loeb, Herman F. Selvin and Harry L. Gershon for Respondents.

DORAN, J.—The action herein is predicated upon a complaint alleging that, prior to March 29, 1948, the plaintiff-appellant had invented, originated and composed a certain literary composition and play entitled, "Base Hits and Bloomers"; that during the year 1948 appellant submitted copies thereof to the respondents who deliberately and unlawfully copied and appropriated the composition, producing and selling the same by way of a motion picture entitled, "Take Me Out to the Ball Game," to appellant's damage in the sum of $100,000.

Respondents demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. A copy of appellant's composition was attached to the complaint as an exhibit but a copy of the motion picture produced by respondents was not attached thereto because of its nature, bulk and unavailability. In connection with the demurrer, and pursuant to stipulation, the trial court made an "order for a view of the production," as provided by section 426(3) of the Code of Civil Procedure. After an examination and comparison of the motion picture and appellant's composition, the demurrer was sustained without leave to amend, upon the stated ground "that there is insufficient similarity between the two works." Plaintiff has appealed from the judgment entered thereon.

The trial court, in a memorandum opinion, states that "similarity between two artistic or literary productions is to be resolved by a comparison of the two productions, not by the testimony of witnesses about them," and that "If the evidence of similarity is such that there would appear to be no grounds for a difference of opinion among impartial readers and viewers, the matter may be treated on demurrer as the evidence may be treated upon a motion for nonsuit or a directed verdict. This would seem to be the legislative intent in the amendment of the section (Code of Civil Procedure, section 426(3))."

Section 426(3), referring to the requisites of a complaint, as amended in 1947, provides that:

"If the demand be for relief on account of the alleged infringement of the plaintiff's rights in and to a literary, artistic or intellectual production, there must be attached to the complaint a copy of the production as to which the infringement is claimed and a copy of the alleged infringing production. If, by reason of the bulk or the nature of the production, it is not practicable to attach a copy to the complaint, that fact and the reasons why it is impracticable to attach a copy of the production to the complaint shall be alleged; and the court, in connection with any demurrer, motion or other proceeding in the cause in which a knowledge of the contents of such production may be necessary or desirable, shall make such order for a view of the production not attached as will suit the convenience of the court, to the end that the contents of such production may be deemed to be a part of the complaint to the same extent and with the same force as though such production had been capable of being and had been attached to the complaint."

"The basic idea of plaintiff's story," as stated in the trial court's memorandum opinion, "is the chronicle of a good baseball player who is not achieving his best until he falls in love and marries. He becomes the manager of his team and while on tour, his wife, who has been converted to the suffragette movement, is maneuvered into the management of a rival team.

"The defendants' picture is the story of two entertainers who perform now on the stage, now on the baseball diamond and in between at picnics or any occasion, when for reason or no reason, they can sing or dance. No actual timing of the scenes was made but much of the picture was devoted to the singing, dancing and antics of Gene Kelly and Frank Sinatra and frequently this duo was increased to a trio.

"Plaintiff's story is not concerned with dancers, singers or comedians of the stylized variety. It is concerned with fictionized events in the realm of baseball which originate with the movement for women's rights. .

"It must be declared that viewing the picture and reading the story the two impressions gained are quite different. . . .

"It is not sufficient to say that both plots include baseball or that 'boy meets girl' in each or that in each 'the path of true love is not smooth.' The last two are at least common to most novels and motion pictures."

It is appellant's contention that the trial court was in error in sustaining respondents' demurrer for the reason that "The function of a demurrer is to raise a question of law," and that "The issue of similarity is an issue of fact, which cannot be resolved as a matter of law on demurrer." Appellant further argues that "Granting, without conceding, that Section 426(3) confers the power exercised by the court below, it was error to sustain the general demurrer in the case at bar."

Respondents answer the above arguments by averring that "Section 426(3) expressly requires that the court compare the accused and accusing works deemed a part of the complaint to determine whether a cause of action for plagiarism is stated thereby"; that in the present case, "the court below correctly determined that there was insufficient similarity of protectible material between them to sustain a cause of action for plagiarism. As such comparison demonstrates, the only similarities, and therefore the only parts of appellant's story which might have been copied, related only to the unprotectible theme and basic idea, rather than to treatment, expression and development."

That, under the provisions of section 426(3) of the Code of Civil Procedure hereinbefore quoted, the trial court possessed authority to consider and determine the matter of protectible similarity between the two productions, cannot be doubted. The rule is set forth in the recent case of *Weitzenkorn* v. *Lesser*, 40 Cal.2d 778, 791 [256 P.2d 947] (April 29, 1953), as follows: "Having both productions before it in accordance with section 426(3), the court may determine whether there is substantial similarity between them. If, as a matter of law, there is no such similarity, no question of fact is in issue and the demurrers to each count of the complaint were properly sustained."

The Weitzenkorn opinion just cited calls attention to the fact that "The 1947 amendment to section 980 has eliminated the protection formerly given to 'any product of the mind'. The statute as it now exists, and as it read at the time this cause of action arose, provides protection only 'in the representation or expression' of a composition. The Legislature has abrogated the rule of protectibility of an idea and California now accepts the traditional theory of protectible property under common law copyright."

This case also notes that *Stanley* v. *Columbia Broadcasting System Inc.*, 35 Cal.2d 653, 660 [221 P.2d 73, 23 A.L.R.2d

216], and *Golding* v. *R.K.O. Pictures Inc.*, 35 Cal.2d 690, 698 [221 P.2d 95], relied upon by appellant, were decided under the former wording of the statute which extended protection "to an idea rather than to the form and manner of its expression," and to the "basic dramatic core" of plaintiff's production, matters which are not subject to protection under the amended phraseology.

Appellant further contends that the action of the trial judge, in determining the issue of similarity upon demurrer, is, in effect a violation of section 7, article I, of the Bill of Rights, which provides that "The right of trial by jury shall be secured to all, and remain inviolate," since the office of a demurrer is to raise an issue of law as to the sufficiency of the pleading. This contention, as noted in respondents' brief, "arises from a misconception of the issues here presented. As we have observed, the only issue raised by the demurrer is the legal sufficiency of the plaintiff's complaint to satisfy the requirements of a cause of action for plagiarism. That is a question of law for the court, not of fact for the jury."

In the present case, access to plaintiff's production being admitted by demurrer, the sole issue then remaining was that of similarity, a matter to be determined by direct comparison of the two productions. As said in *Shipman* v. *R.K.O. Radio Pictures, Inc.*, 20 F.Supp. 249, "the works themselves supersede and control any allegations and conclusions of fact about them or descriptions of them which may be contained in the complaint."

As hereinbefore noted, and under the provisions of section 426(3) of the Code of Civil Procedure, the two productions in question were made part of the complaint. Unless some similarity of protectible material was discernible therein, no cause of action was stated; nor would it be possible to state one by way of amendment. After viewing the respondents' motion picture and reading the plaintiff's story, such actionable similarity was not apparent, and the trial court declared that "the two impressions gained are quite different." This reviewing court has likewise witnessed a presentation of the picture (Code Civ. Proc., § 426(3)) comparing the same with appellant's production, and it cannot be said that the trial court's conclusion in the matter was unwarranted.

"The only similarity between the two works," as stated in respondents' brief, "lies in the fact that both involve baseball teams playing in the 1900's, and both are concerned

with amorous difficulties of a baseball player and the girl he loves. But these similarities are similarities only of abstract ideas which no one can monopolize.'' Since appellant has not alleged and cannot allege a cause of action in the absence of some substantial similarity between the productions, a trial on the merits is uncalled for.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.