Filed 7/16/15  McCabe v. Wells Fargo Bank, N.A. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MICHAEL McCABE, | |
| Plaintiff and Appellant, | E058565 |
| v. | (Super.Ct.No. INC 1204840) |
| WELLS FARGO BANK, N.A., | OPINION |
| Defendant and Respondent. | |
| MICHAEL McCABE, | |
| Plaintiff and Appellant, | E059709 |
| v. | |
| GREENPOINT MORTGAGE FUNDING, INC., | |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  John G. Evans, Judge.

Affirmed.

Michael McCabe, in pro. per., for Plaintiff and Appellant.

1

Bryan Cave, Sean D. Muntz and Aileen M. Hunter, for Defendant and Respondent Wells Fargo Bank, N.A.

Doll Amir & Eley, Hunter R. Eley and William H. Edmonson for Defendant and Respondent GreenPoint Mortgage Funding, Inc.

Plaintiff and appellant Michael McCabe appeals from a judgment of dismissal entered after the trial court sustained the demurrers of defendants and respondents, Wells Fargo Bank, N.A., and GreenPoint Mortgage Funding, Inc., without leave to amend, to McCabe's second amended complaint. We will affirm the judgment.

BACKGROUND

McCabe's second amended complaint (hereafter referred to as the complaint) alleged 10 causes of action, all arising out of his claim that defendant and respondent Wells Fargo Bank acted unlawfully in initiating a foreclosure sale of McCabe's residence.[1] McCabe admitted that he was in default under the promissory note he executed to secure refinancing of the existing loan on his residence and stated that he did "not seek to obviate his financial obligation under the underlying promissory note." He contended that the defendants were all "strangers to his mortgage loan" who had no authority to foreclose on his property.

---

[1] The foreclosure was commenced on August 1, 2008, with the recording of a notice of default. That notice was rescinded on March 9, 2010, and a new notice of default was recorded on November 23, 2010. A notice of trustee's sale was recorded on February 24, 2011. The sale was postponed multiple times, and another notice of trustee's sale was recorded on June 12, 2012.

2

The lender on the refinancing was GreenPoint Mortgage Funding, Inc. (GreenPoint). The deed of trust which secured the note stated that GreenPoint was the lender, Marin Conveyancing Corporation was the trustee, and MERS (Mortgage Electronic Registration Systems, Inc.), acting solely as a nominee for the lender and its successors and assigns, was the beneficiary under the deed of trust.

McCabe alleged that GreenPoint securitized and sold the note to investors by creating a securitized trust. He identified the trust as GreenPoint Mortgage Funding Trust 2006-AR2, Mortgage Pass-Through Certificates Series 2006-AR2. He alleged that Wells Fargo was the trustee of that trust at all times relevant to the complaint. He alleged that the trust so created "is not the owner of the mortgage and lacks standing to foreclose." He alleged that Wells Fargo and defendant JPMorgan Chase Bank (Chase) engaged in a pattern and practice of falsifying loan transactions and assignments of mortgages for the purpose of enabling their joint venturers to foreclose illegally on property and of collecting from borrowers, including McCabe, "mortgage proceeds they had no right to collect." McCabe alleged that Chase was the servicer of his loan, having assumed the servicing obligation from defendant EMC Mortgage Corporation sometime between April, 1, 2011 and September 30, 2011. He further alleged that defendant California Reconveyance Corporation (Cal Recon), which claims to be the trustee under his deed of trust pursuant to a substitution of trustee executed by MERS, is a wholly owned subsidiary of Chase. He alleged that defendant EMC Mortgage Corporation is also a wholly owned subsidiary of Chase. He alleged, on a number of bases, that none of the

3

defendants had the authority to foreclose and that they falsified documents in order to appear to have that authority.

Although a trustee's sale was scheduled for July 12, 2012 (see fn. 1, *ante*), it had not taken place as of the date of filing the complaint.

In his first cause of action, McCabe sought a declaration that the note and deed of trust were never properly assigned to the trust and that GreenPoint is the only entity that has the right to collect payments or to foreclose. In his ninth cause of action, McCabe sought a declaration as to the rights and interests of the parties to the property. He also alleged negligence (2d cause of action; all defendants), quasi-contract (3d cause of action; Wells Fargo, EMC, Chase & the Doe defendants); violations of Civil Code sections 2924 et seq. (4th cause of action; all defendants); unfair business practices against all defendants (5th cause of action; all defendants); quiet title (6th cause of action; all defendants); slander of title (7th cause of action; all defendants); a cancellation of instruments (8th cause of action; all defendants); accounting (10th cause of action; all defendants).

Wells Fargo, Chase and California Reconveyance Corporation demurred to all causes of action. The trial court sustained both demurrers without leave to amend and entered judgments of dismissal.

Judgment was entered as to Chase and California Reconveyance Corporation on March 14, 2013, and a separate judgment was entered as to Wells Fargo on April 2, 2013. McCabe filed a notice of appeal on April 15, 2013. McCabe filed with this court a copy of the April 2, 2013 judgment, but despite our request, he did not file a copy of the March

4

14, 2013 judgment.  Consequently, we dismissed the appeal as to Chase and ordered the appeal to proceed only as to Wells Fargo.

After entry of judgment as to Wells Fargo and Chase, GreenPoint also demurred to all causes of action in the second amended complaint.  The trial court sustained the demurrer without leave to amend and entered a judgment of dismissal as to GreenPoint. McCabe filed a timely notice of appeal from that judgment.[2]  We later granted his motion to consolidate the two appeals for all purposes.

LEGAL ANALYSIS

1.

THE DEMURRER WAS PROPERLY SUSTAINED WITHOUT LEAVE TO AMEND

On appeal from a judgment of dismissal following an order sustaining a demurrer, we determine independently whether the complaint states a cause of action as a matter of law.  We assume the truth of all properly pleaded factual allegations, facts that can reasonably be inferred from those expressly pleaded, and of matters of which the trial court took judicial notice.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  Even though our review is de novo, however, we need address only those contentions which have been adequately raised and supported in the appellant's briefing.

_____

[2] McCabe attached a copy of the order sustaining the demurrer to his notice of appeal.  The notice of appeal states that it is taken from a judgment or order entered on September 9, 2013.  The order sustaining the demurrer was entered on September 9, 2013; the judgment was entered on August 26, 2013.  However, the notice of appeal states that it is taken from the judgment as well as from the order.  Accordingly, we deem the appeal to have been taken from the judgment rather than from the nonappealable order.  (*Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695.)

(*Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 630; *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6.)  Accordingly, we limit our review to McCabe's specific arguments.

McCabe first asserts that California homeowners "can sue strangers to the original loan contracts who have committed felonies [and] falsified documents so they could claim to have the authority to foreclose."[3]  He asserts no legal authority for this contention and no reasoned analysis, however, and we could simply disregard it.  (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.)  We choose, however, to address it briefly.

"California's nonjudicial foreclosure scheme is set forth in Civil Code sections 2924 through 2924k, which 'provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust.' [Citation.]  'These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.' [Citation.]  'The purposes of this comprehensive scheme are threefold:  (1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser.' [Citation.]  'Because of the exhaustive nature of this scheme, California appellate courts have refused to read any

---

[3] Plaintiff asserts that some actions of the defendants constitute felonies and that documents of which the trial court took judicial notice constitute admissions of those felonies.

6

additional requirements into the non-judicial foreclosure statute.' [Citations.] ['It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.'].)" (*Gomes v. Countrywide Home Loans*, *Inc.* (2011) 192 Cal.App.4th 1149, 1154 (*Gomes*).) For these reasons, the court in *Gomes* held that there is no legal authority for a preemptive lawsuit challenging the authority of a person or entity who claims to be empowered by a deed of trust to commence foreclosure proceedings. (*Id.* at pp. 1154-1157.)

Some courts have held that a suit is not preemptive within the meaning of *Gomes*, *supra*, 192 Cal.App.4th 1149, if the plaintiff alleges a specific factual basis for alleging that the foreclosing entity did not have the authority to initiate foreclosure proceedings. (*Siliga v. Mortgage Electronic Registration Systems*, *Inc.* (2013) 219 Cal.App.4th 75, 82; *Jenkins v. JPMorgan Chase Bank*, *N.A.* (2013) 216 Cal.App.4th 497, 512.) We believe that this holding is based on a misreading of *Gomes*.

Part of the reasoning in *Gomes* is that the nonjudicial foreclosure statutory scheme contains no provision which permits borrowers to file civil suits to determine whether the proper parties are foreclosing. If borrowers could file such suits, the court reasoned, the court system would become a part of the foreclosure process. (*Gomes*, *supra*, 192 Cal.App.4th at p. 1155.) Further, the court reasoned, the plaintiff was not seeking a remedy for misconduct; instead, the plaintiff was seeking to create an additional requirement and force the foreclosing entity to come into court and prove its authority to foreclose. (*Id*. at p. 1154, fn 5.)

7

The court then distinguished federal cases which, the plaintiff asserted, recognized a right to file such a suit.[4]  The court noted that none of the cases did recognize such a right, and that all of the cases are from districts outside of California and did not apply California law.  (*Gomes*, *supra*, 192 Cal.App.4th at pp. 1155-1156.)  The court then noted that in each of those other cases, in contrast to *Gomes*, a specific factual basis was identified to allege the foreclosure was not initiated by the correct party.  (*Id.* at p. 1156.)  It did not, however, hold that the plaintiff in *Gomes* would have stated a valid cause of action if he had pleaded a specific factual basis for believing that the foreclosing entity lacked the authority to do so.  On the contrary, the court went on to state, "Gomes appears to acknowledge that California's nonjudicial foreclosure law does not provide for the filing of a lawsuit to determine whether MERS has been authorized by the holder of the Note to initiate a foreclosure.  He argues, however, that we should nevertheless interpret the statute to provide for such a right because the 'Legislature may not have contemplated or had time to fully respond to the present situation.'  That argument should be addressed in the first instance to the Legislature, not the courts.  Because California's nonjudicial foreclosure statute is unambiguously silent on any right to bring the type of action identified by Gomes, there is no basis for the courts to create such a right. We

---

[4]  The cases the court discussed are *Weingartner v. Chase Home Finance*, *LLC* (D.Nev. 2010) 702 F.Supp.2d 1276; *Castro v. Executive Trustee Services*, *LLC* (D.Ariz. 2009, Feb. 23, 2009, No. CV-08-2156-PHX-LOA) 2009 U.S.Dist. Lexis 14134; and *Ohlendorf v. American Home Mortgage Servicing* (E.D.Cal., Mar. 31, 2010, No. CIV. S-09-2081 LKK/EFB) 2010 U.S.Dist. Lexis 31098.  (*Gomes*, *supra*, 192 Cal.App.4th at p. 1155.)

therefore conclude that the trial court properly sustained Defendants' demurrer to the first and second causes of action in Gomes's complaint." (*Id.* at pp. 1156-1157.)

In *Robinson v. Countrywide Home Loans*, *Inc.* (2011) 199 Cal.App.4th 42, [Fourth Dist., Div. Two] we held, based on our reading of *Gomes*, *supra*, 192 Cal.App.4th 1149, and of the nonjudicial foreclosure statutes, that there is no legal basis for a preemptive challenge to a foreclosing entity's authority to initiate foreclosure. Perhaps there should be, but that is for the Legislature to decide. In the absence of any persuasive argument by McCabe, we see no reason to change our view.[5]

McCabe's next four contentions (arguments B-E) are all based on the premise that documents of which the trial court took judicial notice contain evidence which establishes that the defendants committed felonies and engaged in fraudulent activities, thus establishing that they do not have the authority to foreclose. Because McCabe has not demonstrated that he can state a valid cause of action seeking to stop the foreclosure because defendants lack the authority to foreclose, these arguments are irrelevant, and we need not address them.

---

[5] The issue is currently pending on review before the California Supreme Court in *Keshtgar v. U.S. Bank*, *N.A.* (rev. granted Oct. 1, 2014, S220012). The court ordered briefing deferred pursuant to rule 8.512(d)(2) of the California Rules of Court, pending its consideration in *Yvanova v. New Century Mortgage Corp.* (rev. granted Aug. 27, 2014, S218973) of the related issue of whether, in an action for wrongful foreclosure on a deed of trust securing a home loan, the borrower has standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void.

9

Because McCabe has failed to demonstrate the existence of a legal right to challenge the authority of a foreclosing entity, the demurrer was properly sustained.

If the demurrer was sustained without leave to amend, we review the court's order denying leave for abuse of discretion. However, the burden is on the plaintiff to demonstrate that an amendment would cure the defect. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1081.) Here, McCabe mentions, fleetingly, that he could amend the complaint to state a cause of action, but he does not state explicitly how he could do so, or on what legal theory. Accordingly, he has not met his burden on appeal.

2.

THE DEMURRER PROCEDURE IS NOT UNCONSTITUTIONAL

McCabe's final argument (argument F) is that the demurrer procedure is unconstitutional, primarily because it deprives a litigant of the right to a jury trial. This argument is specious. A demurrer addresses the legal sufficiency of the pleading, based on the assumption that the facts as pleaded are true. It constitutes a pure question of law for the court, not an issue of fact for a jury to decide. (*First Aid Services of San Diego*, *Inc. v. California Employment Development Dept*. (2005) 133 Cal.App.4th 1470, 1476.) Accordingly, it does not implicate a litigant's right to a jury trial. (*Palmer v. Metro-Goldwyn-Mayer Pictures* (1953) 119 Cal.App.2d 456, 460.)

10

DISPOSITION

The judgment is affirmed.  Defendants and respondents Wells Fargo Bank, N.A. and GreenPoint Mortgage Funding, Inc. are awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


KING
J.


CODRINGTON
J.


11