Filed 6/30/14  Ciufia v. Deutsche Bank Nat. Trust Co. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SANDRA CIUFIA, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., <br><br> Defendants and Respondents. | H039469 <br> (Monterey County <br> Super. Ct. No. M118093) |

## I.  INTRODUCTION

Appellant Sandra Ciufia obtained a home loan in the amount of $1.085 million. After she defaulted on the loan, nonjudicial foreclosure proceedings were initiated by respondent Deutsche Bank National Trust Company (Deutsche Bank) and her home was sold to respondent Sierra Asset Investments, LLC (Sierra Investments) at a trustee's sale.

Ciufia filed the instant action seeking to set aside the trustee's sale based on her allegations that defendant Deutsche Bank did not have authority to foreclose and could not convey legal title to defendant Sierra Investments.  The trial court sustained the demurrers of Deutsche Bank and Sierra Investments to all four causes of action asserted in the first amended complaint without leave to amend and dismissed Deutsche Bank and Sierra Investments from the action with prejudice.

For the reasons stated below, we conclude that the trial court did not err and that Ciufia has not shown on appeal that the first amended complaint may be further amended to state a cause of action. We will therefore affirm the dismissals.

## II. FACTUAL BACKGROUND

Our summary of the facts is drawn from the allegations of the first amended complaint and Ciufia's related request for judicial notice, since in reviewing a ruling sustaining a demurrer without leave to amend we assume the truth of the properly pleaded factual allegations and the matters properly subject to judicial notice. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Gu v. BMW of North America, LLC* (2005) 132 Cal.App.4th 195, 200

Ciufia entered into a home loan mortgage in which she borrowed $1.085 million for the purchase of a residence in Pacific Grove. The loan was secured by a deed of trust on the property that was recorded in 2007. The deed of trust states that the lender was IndyMac Bank, the trustee was Fidelity National Title Insurance Co., and the beneficiary was Mortgage Electronic Registration Systems, Inc. (MERS).

On June 16, 2011, a notice of default and election to sell under the deed of trust was recorded by Aztec Foreclosure Corporation (Aztec Foreclosure). On the same day, June 16, 2011, an assignment of deed of trust was recorded in which MERS, as nominee for IndyMac Bank, assigned all beneficial interest in the deed of trust to Deutsche Bank "as Trustee of the IndyMac INDA Mortgage Loan Trust 2007-AR7, Mortgage Pass-Through Certificates, Series 2007-AR7 under the Pooling and Servicing Agreement dated September 1, 2007."

Several months later, on January 17, 2012, a substitution of trustee was recorded in which Deutsche Bank, as the beneficiary of the deed of trust, substituted Aztec Foreclosure as the trustee of the deed of trust. A notice of trustee's sale of Ciufia's property was also recorded on January 17, 2012.

A second notice of default and election to sell under deed of trust was recorded on March 5, 2012. That notice of default stated that Ciufia owed past due payments on her home loan in the amount of $120,649.76. On March 13, 2012, Aztec Foreclosure recorded a notice of rescission of the first notice of default and election to sell. Thereafter, on June 5, 2012, Aztec Foreclosure recorded another notice of trustee's sale.

The June 5, 2012 trustee's deed upon sale states that Ciufia's property was sold to Sierra Investments on June 26, 2012. At the time of sale, the total amount of the unpaid debt and costs was $1,237,913.92.

## III.  PROCEDURAL BACKGROUND

Ciufia filed her original verified complaint in June 2012. The named defendants included Deutsche Bank.[1] After Deutsche Bank demurred to the complaint, Ciufia filed a verified first amended complaint on August 16, 2012. The first amended complaint added Sierra Investments as a defendant.

The causes of action asserted against Deutsche Bank in the first amended complaint included the first cause of action to set aside trustee's sale and the second cause of action for wrongful foreclosure. The third cause of action for cancellation of trustee's deed upon sale was asserted against both Deutsche Bank and Sierra Investments. The fourth cause of action for constructive trust was asserted against Sierra Investments only.

Deutsche Bank demurred to the first, second, and third causes of action in the first amended complaint on the grounds that the complaint failed to state facts sufficient for a cause of action challenging the foreclosure. Specifically, Deutsche Bank argued that Ciufia had failed to allege a factual basis for her allegation that Deutsche Bank was not

---

[1]  Where Ciufia refers to "INDA Trust" as a defendant in the first amended complaint we understand the reference to be to defendant Deutsche Bank, sued as "Deutsche Bank National Trust Company, as Trustee of the Indymac INDA Mortgage Trust 2007-AR7."

3

authorized to go forward with the trustee's sale. Sierra Investments demurred to the third and fourth causes of action, arguing that these causes of action were not viable because, as shown by Deutsche Bank's demurrer, Ciufia had merely stated legal conclusions regarding Deutsche Bank's lack of authority, had not alleged any prejudice from the alleged lack of authority, and had not alleged her willingness or ability to pay off her loan.

The trial court's December 3, 2012 order sustained Deutsche Bank's demurrer to the first amended complaint without leave to amend. The order states that "[t]he court finds that the First Amended Complaint fails to state facts sufficient to constitute any cause of action against Deutsche Bank. Specifically, the alleged defects in the sales process on which Plaintiff relies do not provide a basis to set aside the completed trustee's sale. [¶] . . . the Court is unable to discern how the defects in the First Amended Complaint could be cured by amendment and it therefore appears that granting leave to amend would be futile." On March 6, 2013, the trial court granted Deutsche Bank's motion for judgment of dismissal and ordered that a judgment be entered dismissing the action with prejudice as to Deutsche Bank. No judgment of dismissal was included in the record on appeal.

Also on December 3, 2012, the trial court entered its order sustaining Sierra Investments' demurrer to the first amended complaint without leave to amend. On February 8, 2013, the trial court granted Sierra Investments' motion for a dismissal order and ordered that Sierra Investments be dismissed from the action with prejudice.

Ciufia filed a timely notice of appeal from the "[j]udgment of dismissal" to which copies of the March 6, 2013 and the February 8, 2013 orders were apparently attached.

4

# IV.  DISCUSSION

## A.  *Appealability*

As a threshold matter, we consider the issue of appealability since no judgment or order of dismissal was entered as to Deutsche Bank.  " 'An order sustaining a demurrer without leave to amend is not appealable, and an appeal is proper only after entry of a dismissal on such an order.'  [Citation.]" (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 527, fn. 1.)

However, the California Supreme Court has instructed that a notice of appeal " ' "shall be liberally construed in favor of its sufficiency." ' " (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20.)  We will exercise our discretion to deem this appeal to have been taken from the December 3, 2012 order granting Deutsche Bank's motion for judgment of dismissal, which we construe as an order of dismissal.  (See *First Aid Services of San Diego, Inc. v. California Employment Development Dept.* (2005) 133 Cal.App.4th 1470, 1474, fn. 1; *Gonzalez v. County of Tulare* (1998) 65 Cal.App.4th 777, 782, fn. 4.)

## B.  *Standard of Review*

The standard of review is well established.  On appeal from a judgment of dismissal after a demurrer is sustained without leave to amend, our review is de novo. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.)  In performing our independent review of the complaint, we assume the truth of all facts properly pleaded by the plaintiff.  (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 (*Evans*).)  "We also accept as true all facts that may be implied or reasonably inferred from those expressly alleged.  [Citation.]" (*Rotolo v. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th 307, 320-321.)  Further, "we give the complaint a reasonable interpretation, and read it in context." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).)  But we do not assume the truth of

" ' "contentions, deductions or conclusions of fact or law." ' " (*Evans*, *supra*, 38 Cal.4th at p. 6.)

We also consider matters that may be judicially noticed and facts appearing in any exhibits attached to the complaint. (Code Civ. Proc., § 430.30, subd. (a); *Schifando, supra,* 31 Cal.4th at p. 1081; *Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318; *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 225, fn. 1.) After reviewing the allegations of the complaint, the complaint's exhibits, and the matters properly subject to judicial notice, we exercise our independent judgment as to whether the complaint states a cause of action as a matter of law. (See *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

Additionally, "[i]f the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect. [Citation.]" (*Schifando*, *supra*, 31 Cal.4th at p. 1081.)

We will apply this standard of review to the causes of action asserted in the first amended complaint to determine whether the trial court properly sustained defendants' demurrers without leave to amend.

### C. *First Cause of Action to Set Aside Trustee's Sale*

#### 1. Allegations

In the first cause of action to set aside trustee's sale, Ciufia alleges that "[d]ue to the [trustee's] sale being conducted by an improperly substituted trustee, and that Aztec [Foreclosure] unlawfully went forward with the sale with the intention to enforce an obligation that INDA Trust could not enforce, the sale is void, and Plaintiff is not required to tender."

6

Ciufia more specifically alleges in the first amended complaint that the INDA Trust could not enforce her debt obligation because "the entities involved in the attempted securitization of Plaintiff's Loan failed to adhere to the requirements of the Trust Agreement necessary to properly assign the mortgage loan into the Trust. As a result, Plaintiff's Note and Deed of Trust were not assigned to the [INDA Trust], is not a part of the Trust *res*, and therefore, [INDA Trust], or [Deutsche Bank] as its indenture trustee, could not legally enforce the obligation."

Ciufia also alleges that the trustee's sale was unlawful because the June 16, 2011 assignment of the deed of trust to Deutsche Bank as trustee was executed by an individual falsely identified as an assistant secretary of MERS, who could not legally execute the assignment. Ciufia further alleges that the notices of default recorded by Aztec Foreclosure "claim[] a default that does not exist" and that "[t]he validity of the underlying debt, if any, is disputed." She additionally alleges that Aztec Foreclosure "was not the legally installed trustee with authority and capacity to issue the Notice of Trustee's Sale in compliance with California Civil Code §2924 and said Notice is void on its face."

### 2. The Parties' Contentions

On appeal, Ciufia argues that the allegations in the first amended complaint are sufficient to state a cause of action to set aside the trustee's sale because the allegations state that the trustee caused an illegal, fraudulent, or willfully oppressive sale of the property; she was prejudiced or harmed; and she was excused from tendering payment of the debt because the trustee's sale is void. In her reply brief, Ciufia expands on her argument regarding prejudice, asserting that she "suffered extreme prejudice in the loss of her long term home and was ultimately ejected as a result of the unlawful detainer."

Deutsche Bank responds that the first amended complaint fails to allege specific facts showing that the claimed defects in the foreclosure process were prejudicial to Ciufia's interest because she failed to allege that absent the defects, the foreclosure would

7

not have occurred. According to Deutsche Bank, "[m]erely alleging that the foreclosure was conducted by the wrong party is insufficient." Deutsche Bank also contends that the first amended complaint offers only legal conclusions and no facts regarding the assignment of the deed of trust, the other claimed defects in the foreclosure process, and the validity of the underlying debt. Alternatively, Deutsche Bank maintains that even if Ciufia had alleged facts showing an irregularity in the foreclosure process, she has failed to allege the necessary tender of the amount due.

### 3. Analysis

This court has stated the elements of a cause of action to set aside the trustee's sale: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering. [Citations.]" (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 104 (*Lona*).) Our evaluation of the merits of the parties' contentions begins with the issue of whether the first amended complaint contains sufficient allegations to state the element of prejudice, since we find that issue to be dispositive.

"A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly; one attacking the sale must overcome this common law presumption 'by pleading and proving an improper procedure *and* the resulting prejudice.' [Citation.]" (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 86, fn. 4 (italics added).) As we will explain, the California appellate courts have established that where, as here, the plaintiff alleges that defendants lacked authority to foreclose or there were other defects in the foreclosure process that allegedly voided the trustee's sale, those allegations are insufficient to survive demurrer absent factual allegations showing prejudice.

8

In *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256 (*Fontenot*), the plaintiff alleged that the foreclosure was unlawful because MERS lacked authority to transfer the note and deed of trust to the party to whom the deed of trust had been assigned, HSBC. (*Id.* at pp. 260, 272.) The appellate court determined that "[e]ven if MERS lacked authority to transfer the note, it is difficult to conceive how plaintiff was prejudiced by MERS's purported assignment, and there is no allegation to this effect. Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with her payment of the note [citation], nor that the original lender would have refrained from foreclosure under the circumstances presented. If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note." (*Id.* at p. 272; accord, *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507-1508 [demurrer to a cause of action to set aside trustee's sale properly sustained without leave to amend where no showing of prejudice]; *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 85 (*Siliga*) [no standing to challenge foreclosure where plaintiffs failed to allege facts showing they suffered prejudice due to alleged lack of authority of parties participating in foreclosure process]; *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 443 (*Debrunner*) [following *Fontenot*].)

Having carefully reviewed the first amended complaint, we determine that the element of prejudice was not sufficiently alleged. There are no factual allegations to show that either Deutsche Bank's alleged lack of authority to foreclose or the alleged defects in the foreclosure process prejudiced Ciufia's interest. For example, Ciufia has not alleged that as a result of Deutsche Bank's lack of authority to foreclose or the other

9

alleged defects in the foreclosure process, her loan obligations were changed (*Siliga*, *supra*, 219 Cal.App.4th at p. 85), or that there was interference with her payment of her home loan or the original lender would not have foreclosed under these circumstances (*Fontenot*, *supra*, 198 Cal.App.4th at p. 272), or that her "ability to contest or avert foreclosure was impaired" (*Debrunner*, *supra*, 204 Cal.App.4th at pp. 443-444).

We are not convinced by Ciufia's argument that she sufficiently alleged prejudice because the first amended complaint asserts that she "has been wrongfully deprived of the beneficial use and enjoyment of the real property and has been deprived of marketable title to her home." The allegations of the first amended complaint demonstrate that Ciufia lost her home through nonjudicial foreclosure because she defaulted on her home loan, and not because of Deutsche Bank's alleged lack of authority to foreclose or any other defects in the foreclosure process. Although the first amended complaint alleges that the default "does not exist" and also states that Ciufia disputes the validity of the underlying debt, there are no factual allegations to support these legal conclusions. Instead, Ciufia effectively concedes that she was in default in the absence of any factual allegations showing that she had made the required payments on her home loan.

Moreover, Ciufia's reliance on a federal court decision, *Tamburri v. Suntrust Mortg., Inc.* (N.D.Cal. Dec. 15, 2011, No. C-11-2899 EMC) 2011 U.S.Dist. Lexis 144442 (*Tamburri*) is misplaced. The court in *Tamburri* stated "the threat of foreclosure by the wrong party would certainly be sufficient to constitute prejudice to the homeowner because there is no power of sale without a valid notice of default." (*Id.* at p. *46 .) However, the *Tamburri* decision is not applicable in the present case, since it concerned a pre-foreclosure challenge. (*Id.* at pp. *5-6.) More recent federal court decisions have distinguished *Tamburri* where, as here, the case at bar concerns a post-foreclosure challenge: "Although some cases have held that the prejudice element of the wrongful foreclosure cause of action could be established by allegations that the wrong companies

10

had initiated the foreclosure process, the facts of those cases are distinct from the facts here, because in this case, the foreclosure sale has already happened. [Citations]. In this case, the foreclosure sale has already occurred, so there is no longer a 'threat' of foreclosure, and Plaintiff has not alleged that the foreclosure sale would not have occurred but for the fraudulent assignments." (*Albano v. Cal-Western Reconveyance Corp.* (N.D.Cal. Nov. 5, 2012, No. 4:12-cv-4018 KAW) 2012 U.S.Dist. Lexis 159245; accord, *Natividad v. Wells Fargo Bank, N.A* (N.D.Cal. May 24, 2013, No. 3:12-cv-03646 JSC) 2013 U.S.Dist. Lexis 74067; *Hafiz v. Nationstar Mortg.* (N.D.Cal. Feb. 20, 2014, No. 13-cv-05971-JCS) 2014 U.S.Dist. Lexis 22155; *Bergman v. Bank of America, N.A.* (N.D.Cal. Jan. 22, 2014, No. 13-cv-00741-JCS) 2014 U.S.Dist. Lexis 7933.)

Thus, even assuming that Ciufia has sufficiently alleged that Deutsche Bank lacked authority to foreclose or there were other defects in the foreclosure process, the demurrer to the cause of action to set aside trustee's sale was properly sustained without leave to amend due to the lack of any factual allegations showing that Ciufia's interest was prejudiced as a result. Ciufia has not shown how this deficiency may be cured by amendment. (See *Schifando*, *supra*, 31 Cal.4th at p. 1081.) We therefore conclude that the trial court properly sustained the demurrer to the first cause of action without leave to amend.

### D. *Second Cause of Action for Wrongful Foreclosure*

"To obtain the equitable set-aside of a trustee's sale or maintain a wrongful foreclosure claim, a plaintiff must allege that (1) defendants caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust; (2) the plaintiff suffered prejudice or harm; and (3) the plaintiff tendered the amount of the secured indebtedness or was excused from tendering. [Citation.]" (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1062.) Thus, the elements of a wrongful foreclosure cause of action are the same as the elements of a cause of action to set aside trustee's sale. (*See Lona*, *supra*, 202 Cal.App.4th at p. 104.)

11

On appeal, Ciufia briefly argues that the trial court erred in sustaining Deutsche Bank's demurrer to the second cause of action because the allegations of the first amended complaint are sufficient for each element of a cause of action for wrongful foreclosure. Regarding the element of prejudice, Ciufia maintains that her allegation of "wrongful theft of her home" is sufficient. In response, Deutsche Bank contends that this allegation of prejudice cannot support a set aside of the foreclosure sale.

As stated in *Fontenot*, "a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests. [Citations.]" (*Fontenot*, *supra*, 198 Cal.App.4th at p. 272; accord, *Siliga*, *supra*, 219 Cal.App.4th at p. 85.) For the reasons discussed above, we have determined that the first amended complaint lacks any factual allegations showing that Ciufia's interest was prejudiced due to Deutsche Bank's alleged lack of authority to foreclose or any other alleged defect in the foreclosure process.

Since the element of prejudice was not sufficiently alleged, the trial court did not err in sustaining the demurrer to the second cause of action for wrongful foreclosure. Ciufia has not shown how this deficiency may be cured by amendment. (See *Schifando*, *supra*, 31 Cal.4th at p. 1081.) We therefore conclude that the trial court properly sustained the demurrer to the second cause of action without leave to amend.

**E. *Third Cause of Action to Cancel Trustee's Deed on Sale***

In the third cause of action to cancel trustee's deed upon sale, Ciufia alleges that the trustee's deed is void because it was "executed without legal authority and failed to convey legal title to Sierra [Investments] in any manner. Sierra [Investments] is not a bonafide [*sic*] purchaser subject to statutory bonafide [*sic*] purchaser protections because it had duly notice [*sic*] of an adverse interest or of any irregularity in the sale proceedings prior to bidding at the trustee's sale."

Ciufia argues that the trial court erred in sustaining the demurrers of Deutsche Bank and Sierra Investments to the third cause of action because the first amended

12

complaint adequately alleged "that the trustee's deed upon sale was void on its face, that the power of sale clause was invoked without authority, and that tender did not apply," and therefore rescission of the trustee's deed upon sale is required.

Sierra Investments responds that Ciufia's failure to allege a cognizable challenge to the completed foreclosure sale, as argued by Deutsche Bank with regard to the first and second causes of action, is also fatal to the third cause of action to cancel the trustee's deed upon sale. We agree.

The third cause of action to cancel the trustee's deed upon sale is based on the same allegations as the first cause of action to set aside the trustee's sale and second causes of action for wrongful foreclosure: that Deutsche Bank lacked authority to foreclose. We have determined that these allegations are insufficient to state either the first or second cause of action absent sufficient factual allegations showing prejudice to Ciufia's interest due to Deutsche Bank's alleged lack of authority. Since the first amended complaint does not adequately allege a cause of action challenging the lawfulness of the trustee's sale, it follows that the third cause of action does not state facts sufficient for a cause of action to cancel the trustee's deed upon sale. (See *McFarland v. JP Morgan Chase Bank* (C.D.Cal. Apr. 28, 2014, No. EDCV 13-01838-JGB (OPx)) 2014 U.S.Dist. Lexis 62145 [request for the cancellation of deed of trust is an equitable remedy that is dependent upon a substantive basis for liability and has no separate viability].). We therefore determine that the trial court did not err in sustaining the demurrers of Deutsche Bank and Sierra Investments to the third cause of action to cancel the trustee's deed upon sale without leave to amend.

### F. *Fourth Cause of Action for Constructive Trust*

In the fourth cause of action for constructive trust, Ciufia alleges that Sierra Investments "claims an adverse interest in the property pursuant to a void trustee's deed upon sale" and "has no legal or equitable right, claim or interest therein, but, instead, Defendant Sierra [Investments] is an involuntary trustee holding said property and profits

13

therefrom in constructive trust for Plaintiff [Ciufia], with the duty to convey the same to Plaintiff forthwith."

Ciufia argues that the trial court erred in sustaining Sierra Investments' demurrer to the fourth cause of action because a constructive trust is the appropriate remedy where, as alleged in the first amended complaint, another party wrongfully obtained property who is not entitled to it.

Sierra Investments contends that its demurrer was properly sustained because the first amended complaint fails to allege facts sufficient to state any legal basis to set aside the trustee's sale, and therefore insufficient facts have been alleged to warrant imposition a constructive trust.

"A constructive trust is an involuntary equitable trust created by operation of law as a remedy to compel the transfer of property from the person wrongfully holding it to the rightful owner. [Citations.]" (*Communist Party v. 522 Valencia, Inc.* (1995) 35 Cal.App.4th 980, 990.) "[A] constructive trust may only be imposed where the following three conditions are satisfied: (1) the existence of a *res* (property or some interest in property); (2) the *right* of a complaining party to that res; and (3) some *wrongful* acquisition or detention of the res by another party who is not entitled to it. [Citations.]" (*Ibid.*)

Thus, a constructive trust "is not an independent cause of action but merely a type of remedy for some categories of underlying wrong. [Citation.]" (*Glue-Fold, Inc. v. Slautterback Corp.* (2000) 82 Cal.App.4th 1018, 1023, fn. 3. (*Glue-Fold*).) As an equitable remedy, a claim for a constructive trust has no separate viability if the plaintiff's other causes of action are barred. (*Ibid.*)

In the present case, we have determined that the demurrers to the first, second, and third causes of action were properly sustained without leave to amend. Since all other causes of action in the first amended complaint are effectively barred, the fourth cause of action for constructive trust can have no separate viability. (See *Glue-Fold*, *supra*,

14

82 Cal.App.4th at p. 1023, fn.3.) Consequently, we determine that Sierra Investments's demurrer to the fourth cause of action for constructive trust was properly sustained without leave to amend.

### G. *Request for Leave to Amend*

In her reply brief, Ciufia argues she should be granted leave to amend the first amended complaint by deleting the allegations made on information and belief and attaching additional documents, including a deposition transcript and the pooling and servicing agreement. Although Ciufia may make this argument on appeal, her argument is unconvincing.

"When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made." (Code Civ. Proc. § 472c, subd. (a); *Mercury Ins. Co. v. Pearson* (2008) 169 Cal.App.4th 1064, 1072.) Further, "[w]hen a demurrer is sustained without leave to amend the [plaintiff] may advance on appeal a new legal theory why the allegations of the petition state a cause of action. [Citation.]" (*20th Century Ins. Co. v. Quackenbush* (1998) 64 Cal.App.4th 135, 139, fn. 3.) The plaintiff has the burden to show how the complaint could be amended to state a cause of action. (*Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal.App.4th 837, 861.)

"To satisfy that burden on appeal, a plaintiff 'must show in what manner he [or she] can amend his [or her] complaint and how that amendment will change the legal effect of his pleading.' [Citation.] The assertion of an abstract right to amend does not satisfy this burden. [Citation.] The plaintiff must clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.] Allegations must be factual and specific, not vague or conclusionary.

15

[Citation]." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44 (*Rakestraw*).)

In her argument on appeal, Ciufia has failed to set forth any factual allegations that sufficiently state all of the elements of any cause of action. (See *Rakestraw*, *supra*, 81 Cal.App.4th at pp. 43-44.) We therefore conclude that Ciufia has not met her burden on appeal to show that the first amended complaint may be further amended to state a cause of action.

## V. DISPOSITION

The order of March 6, 2013, dismissing Deutsche Bank from the action with prejudice and the February 8, 2013 order dismissing Sierra Investments from the action with prejudice are affirmed. Costs on appeal are awarded to respondents.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.

17