[No. D046136. Fourth Dist., Div. One. Oct. 19, 2005.]

FIRST AID SERVICES OF SAN DIEGO, INC., Plaintiff and Appellant, v. CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT et al., Defendants and Respondents.

1472

COUNSEL

Janis L. Turner for Plaintiff and Appellant.

Bill Lockyer, Attorney General, David S. Chaney, Assistant Attorney General, W. Dean Freeman and Leslie Branman-Smith, Deputy Attorneys General, for Defendants and Respondents.

OPINION

**NARES, Acting P. J.**—Plaintiff First Aid Services of San Diego, Inc. (First Aid) appeals a judgment of dismissal entered in favor of defendants California Employment Development Department (EDD) and California Unemployment Insurance Appeals Board (Board) (together the State) after the court

issued an order sustaining without leave to amend the State's demurrer to First Aid's amended petition for a writ of administrative mandamus (amended petition), which challenged the Board's decision that Tiffany Whittaker was an employee of First Aid, rather than an independent contractor, and thus eligible to receive unemployment insurance benefits.[1] Referencing the California Constitution[2] and citing Unemployment Insurance Code[3] section 1851 and *Modern Barber Col. v. Cal. Emp. Stab. Com.* (1948) 31 Cal.2d 720 [192 P.2d 916] (*Modern Barber Colleges*), the court found that the writ of administrative mandamus proceeding was barred because the purpose of the writ sought in First Aid's amended petition "would be to restrain the collection of a tax."

First Aid contends that (1) the rule in *Modern Barber Colleges* does not apply because the relief that First Aid sought in its amended petition was not to "contravene" the collection of a tax that First Aid had been ordered to pay, but to review the administrative determination that Whittaker is an employee of First Aid; (2) *Modern Barber Colleges* is not applicable because it is no longer valid law; (3) the State's interpretation of section 32 of article XIII is erroneous; and (4) the State is precluded from raising the decision in *Modern Barber Colleges* as a defense in this case because it failed to raise it as a defense in *Southwest Research Institute v. Unemployment Ins. Appeals Bd.* (2000) 81 Cal.App.4th 705 [96 Cal.Rptr.2d 769] (*Southwest Research Institute*).

For reasons we shall explain, we hold that *Modern Barber Colleges, supra,* 31 Cal.2d 720, is still valid and, together with section 32 of article XIII and Unemployment Insurance Code section 1851, bars First Aid's writ of administrative mandamus challenge to the Board's determination that Whittaker is an employee of First Aid for unemployment compensation purposes. Accordingly, we affirm the judgment.

---

[1] First Aid appeals from the February 10, 2005 order sustaining the demurrer to its amended petition for a writ of administrative mandamus. That order is not appealable. (*Hood v. Hacienda La Puente Unified School Dist.* (1998) 65 Cal.App.4th 435, 437, fn. 1 [76 Cal.Rptr.2d 448]; see also Code Civ. Proc., § 904.1.) First Aid has not demonstrated, and the record on appeal does not show, that the court entered a judgment of dismissal or even ordered dismissal in this matter. In the interests of judicial economy and the orderly administration of justice, and in the absence of any demonstrable prejudice to the State, this court in the exercise of its discretion deems this appeal to have been taken from a judgment of dismissal following entry of the order sustaining the State's demurrer without leave to amend. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2004) ¶ 2:238, p. 2-104 (rev. #1, 2003); *Vibert v. Berger* (1966) 64 Cal.2d 65, 67–68 [48 Cal.Rptr. 886, 410 P.2d 390].)

[2] All further article references are to the California Constitution.

[3] All further statutory references are to the Unemployment Insurance Code unless otherwise indicated.

## FACTUAL BACKGROUND[4]

First Aid operates in the same fashion as a nurse's registry: it sends emergency medical technicians (EMT's) and registered nurses (RN's) to operate emergency or first aid stations at various public events. Typically, First Aid receives a request from a client that an event will be held and a health care professional is needed to provide first aid services. The client determines the type of professional that is needed, how many are needed, the hours they must work, and the type of uniform, if any, they should wear. First Aid then contacts the various licensed EMT's and RN's listed in its books to find professionals who wish to provide the requested service. The professionals determine the type of equipment they will provide and use at the event.

Whittaker is a licensed EMT who was employed by an ambulance service as an EMT and who also accepted assignments through First Aid to work as an EMT to supplement her income. She became listed with First Aid when she entered into a written contract with that company in March 2000.

## PROCEDURAL BACKGROUND

In December 2002 Whittaker filed a claim for unemployment benefits with the EDD. First Aid is informed and believes that Whittaker listed both First Aid and the ambulance service as her employers. First Aid objected to the claim on the ground Whittaker had never been an employee of First Aid.

EDD determined that Whittaker was an employee of First Aid and found that she had not refused suitable offers of employment without good cause and thus was not disqualified from receiving unemployment insurance benefits. First Aid administratively appealed, contending Whittaker had refused offers of suitable employment without good cause.

In May 2003 a hearing was held before an administrative law judge (the ALJ) on First Aid's appeal.[5] First Aid, represented by counsel, presented one witness; Whittaker did not appear and no evidence was presented on her behalf. The ALJ determined that Whittaker was an employee of First Aid, but reversed EDD's determination that Whittaker was not disqualified from receiving unemployment insurance benefits. The ALJ found that First Aid provided credible evidence that Whittaker refused suitable offers of employment without good cause, and thus Whittaker was "indefinitely disqualified

---

[4] Because this matter was resolved at the pleading stage of the litigation by way of demurrer, the following summary of the facts is derived primarily from the allegations set forth in First Aid's amended petition, and from its "Appellant's Brief Appeal to Full Commission." (See *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

[5] Honorable Thomas F. Engle.

under section 1257[, subdivision ](b) until she again makes herself available to suitable employment."

First Aid appealed the ALJ's decision to the Board, which independently reviewed the administrative record. In September 2003 the Board issued its decision affirming the ALJ's decision and finding that Whittaker "is not ineligible for unemployment insurance benefits under section 1253[, subdivision (a)] based on a finding [that Whittaker] is an employee . . . ."

First Aid filed its amended petition in the superior court under Code of Civil Procedure section 1094.5, seeking reversal of the Board's finding that Whittaker was an employee of First Aid and claiming the Board's decision was not supported by fact or law. The State challenged the amended petition by filing a demurrer on the grounds the court lacked subject matter jurisdiction and thus the writ of administrative mandamus proceeding was barred by the California Constitution (art. XIII, § 32), by statute (§ 1851), and by the decision in *Modern Barber Colleges, supra,* 31 Cal.2d 720.

On February 10, 2005, the court sustained the State's demurrer without leave to amend, finding that the purpose of the writ sought in First Aid's amended petition "would be to restrain the collection of a tax," and thus the writ of administrative mandamus proceeding was barred by the California Constitution and section 1851. In support of its decision, the court also found that this case is "substantially similar" to *Modern Barber Colleges, supra,* 31 Cal.2d 720. First Aid's appeal followed.

## STANDARD OF REVIEW

█ The standard of review on appeal from a judgment dismissing an action after the sustaining of a demurrer without leave to amend is well established. "The function of a demurrer is to test the sufficiency of the [pleading] as a matter of law, and it raises only a question of law. [Citations.] On a question of law, we apply a de novo standard of review on appeal." (*Holiday Matinee, Inc. v. Rambus, Inc.* (2004) 118 Cal.App.4th 1413, 1420 [13 Cal.Rptr.3d 766].)

The reviewing court gives the pleading a reasonable interpretation and treats the demurrer as admitting all material facts properly pleaded. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318). The reviewing court does not, however, assume the truth of contentions, deductions or conclusions of law. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479].) "The judgment must be affirmed 'if any one of the

several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment. [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].)

## DISCUSSION

The central issue we must decide is whether the court, in sustaining without leave to amend the State's demurrer to First Aid's amended petition, erred in finding that the writ of administrative mandamus proceeding First Aid commenced to challenge the Board's decision that Whittaker is an employee of First Aid for purposes of the Unemployment Insurance Code, is barred by the California Constitution (art. XIII, § 32), statute (section 1851), and the holding of *Modern Barber Colleges, supra,* 31 Cal.2d 720. We conclude the court did not err.

### A. *Unemployment Insurance*

Because this appeal arose out of First Aid's claim that the Board erroneously determined that Whittaker was an employee within the meaning of the Unemployment Insurance Code, we begin by briefly summarizing the purpose of that code. In *Hunt Building Corp. v. Bernick* (2000) 79 Cal.App.4th 213, 218–219 [93 Cal.Rptr.2d 883], this court explained that "[t]he purpose of our state's Unemployment Insurance Code is to provide benefits to persons who are unemployed through no fault of their own, thereby reducing the suffering caused by involuntary unemployment. [Citations.] The Unemployment Insurance Code also provides disability benefits to compensate eligible persons for unemployment caused by injury or sickness. [Citation.] [¶] To finance state unemployment and disability benefits, California requires contributions from both employers and employees. Generally, employers must annually contribute to the unemployment fund based on wages paid to their employees. [Citation.] Employees contribute to the disability fund based on wages received; however, employers must withhold the employees' contributions from their wages. [Citations.] 'The taxing sections of the [Unemployment Insurance Code] are entirely separate from those concerning benefits, and . . . the provisions fixing liability for payments to the fund are to be considered accordingly.' [Citation.] [¶] The employer/employee relationship determines who must make contributions to the unemployment and disability funds. [Citation.] Where an employee

performs services for an employer, the employer is required to make contributions and withhold taxes; where an independent contractor performs services for a principal, the principal is not required to withhold taxes or make contributions. [Citation.]" (Fn. omitted.)

### B. *Analysis*

In order to resolve the question of whether the court properly found that the mandamus proceeding at issue in this appeal is barred, we must first examine California's so-called "pay first, litigate later" rule and the pertinent provisions of the California Constitution and the Unemployment Insurance Code.

In California, "[a] taxpayer ordinarily must pay a tax before commencing a court action to challenge the collection of the tax. This rule, commonly known as 'pay first, litigate later,' is well established and is based on a public policy reflected in the state Constitution, several statutes, and numerous court opinions." (*County of Los Angeles v. Southern Cal. Edison Co.* (2003) 112 Cal.App.4th 1108, 1116 [5 Cal.Rptr.3d 575].)

The "pay first, litigate later" rule is based on a public policy reflected in section 32 of article XIII, which bars any action against the state to prevent or enjoin the collection of any tax, other than an action after payment of the tax to recover the tax paid. (*County of Los Angeles v. Southern Cal. Edison Co., supra,* 112 Cal.App.4th at p. 1116.) Article XIII, section 32 provides: "*No* legal or *equitable process shall issue in any proceeding* in any court *against this State* or any officer thereof *to prevent or enjoin the collection of any tax.* After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature." (Italics added.)

The purpose of article XIII, section 32 " 'is to allow revenue collection to continue during litigation so that essential public services dependent on the funds are not unnecessarily interrupted.' " (*State Bd. of Equalization v. Superior Court* (1985) 39 Cal.3d 633, 638 [217 Cal.Rptr. 238, 703 P.2d 1131], quoting *Pacific Gas & Electric Co. v. State Bd. of Equalization* (1980) 27 Cal.3d 277, 283 [165 Cal.Rptr. 122, 611 P.2d 463]; see *American President Lines, Ltd. v. Zolin* (1995) 38 Cal.App.4th 910, 920 [45 Cal.Rptr.2d 370].)

This constitutional provision "authorizes the Legislature to provide the procedures for challenging a tax." (*American President Lines, Ltd. v. Zolin, supra,* 38 Cal.App.4th at p. 919.) With respect to challenges concerning the collection of unemployment insurance contributions, the Legislature has

enacted section 1851, which embodies the "pay first, litigate later" rule. That section provides: "*No* injunction or *writ of mandate* or other legal or equitable process *shall issue in any suit, action or proceeding,* in any court *against this State* or against any officer thereof *to prevent or enjoin the collection of any contribution sought to be collected under this division.*" (Italics added.) Section 131 defines the term " '[c]ontributions' " to mean "the money payments to the Unemployment Fund, Employment Training Fund, or Unemployment Compensation Disability Fund which are required by this division."

■ Read together, section 32 of article XIII and Unemployment Insurance Code section 1851 explicitly bar an equitable proceeding against the State, such as a proceeding for issuance of a writ of administrative mandamus, where the purpose of the proceeding is to "prevent or enjoin the collection" of "any tax," or "any contribution" assessed under the Unemployment Insurance Code.

The question presented thus becomes whether the purpose of the writ proceeding commenced by the filing of First Aid's amended petition is to prevent or enjoin the collection of any tax within the meaning of section 32 of article XIII, or any contribution within the meaning of section 1851. We note that in upholding the Board's decision and dismissing First Aid's amended petition, the court expressly found that the purpose of the writ sought by First Aid "would be to restrain the collection of a tax . . . ."

■ In *Modern Barber Colleges, supra,* 31 Cal.2d 720, a case substantially similar to this one, the California Supreme Court held that the use of a mandamus proceeding to challenge an administrative determination that certain individuals were employees for purposes of California's unemployment insurance legislation, was prohibited. (*Id.* at pp. 723–724; see also 8 Witkin, Cal. Procedure (1997) Extraordinary Writs, § 123, p. 910.) *Modern Barber Colleges* involved a mandamus proceeding brought by a corporation to compel the state Employment Stabilization Commission (commission) to vacate its findings that certain students, the bookkeeper, and the corporation's owner were employees within the meaning of California's former Unemployment Insurance Act (the act). (*Modern Barber Colleges, supra,* 31 Cal.2d at p. 722.) The trial court entered judgment for the commission after sustaining without leave to amend its demurrer to the petition. (*Ibid.*)

The Supreme Court stated that the issue in *Modern Barber Colleges* was "whether an action or proceeding for judicial review of a determination of the [commission] may be had prior to the payment of the contributions which [the commission] claims to be due . . . ." (*Modern Barber Colleges, supra,* 31 Cal.2d at p. 722.) At that time, former section 45.11, subdivision (d) of the act contained language virtually identical to the language currently set forth

in section 1851 (discussed, *ante*). Former section 45.11, subdivision (d) provided: " '*No* injunction or *writ of mandate* or other legal or equitable process *shall issue in any suit, action or proceeding, in any court against this State* or against any officer thereof *to prevent or enjoin under this act the collection of any contributions sought to be collected.*' " (*Modern Barber Colleges, supra*, 31 Cal.2d at p. 723, italics added.)

Noting that this statute (former § 45.11, subd. (d)) expressly prohibited judicial review in advance of the payment of contributions due under the act, the Supreme Court held that the statute barred the mandamus proceeding commenced by the petitioning corporation. (*Modern Barber Colleges, supra*, 31 Cal.2d at p. 723.) Explaining its reasoning, the high court stated: "*We may at the outset dispose of the suggestion by petitioner that this proceeding is not one to 'prevent or enjoin' the collection of a contribution because the only relief prayed for is the vacation of the findings of the existence of the employer-employee relationship made by the commission.* It is obvious that a judgment directing the commission to vacate its findings would in effect amount to a declaration by the court that the relationship did not exist; the commission after such a judgment could not 'properly undertake to enforce a tax against plaintiff corporation as an employer in defiance of an adjudication that the latter [asserted employer] did not maintain that relationship with the other parties.' [Citation.]" (*Ibid.*, italics added.)

Here (as discussed, *ante*), section 1851, like former section 45.11, subdivision (d) in *Modern Barber Colleges*, embodies the "pay first, litigate later" rule, and thus expressly prohibits judicial review in advance of the payment of unemployment insurance contributions. As in *Modern Barber Colleges*, the net result of the relief prayed for in the challenged mandamus proceeding at issue here—reversal of the Board's finding that Whittaker is an employee of First Aid—would be to restrain the collection of unemployment insurance contributions allegedly owed by First Aid under the provisions of the Unemployment Insurance Code based on the employer-employee relationship the Board found exists between First Aid and Whittaker. (See *Modern Barber Colleges, supra*, 31 Cal.2d at p. 723 ["Since the net result of the relief prayed for herein would be to restrain the collection of the tax allegedly due, the action must be treated as one having that purpose"].) We thus conclude that section 1851 bars the mandamus proceeding at issue here.

■ The subject proceeding is also barred by article XIII, section 32 of the California Constitution. Unemployment insurance contributions constitute a special tax. (*Modern Barber Colleges, supra*, 31 Cal.2d at p. 724.) As already discussed, section 32 of article XIII explicitly bars a proceeding against the State for issuance of a writ of administrative mandamus when the purpose of the proceeding is to prevent or enjoin the collection of "any tax." Under the

reasoning of *Modern Barber Colleges, supra,* 31 Cal.2d at page 723 (discussed, *ante*), since the net result of the mandamus proceeding commenced by First Aid would be to restrain the collection of a tax, that proceeding is barred by article XIII, section 32. We thus reject First Aid's contention that the rule in *Modern Barber Colleges* does not apply here because the relief that First Aid sought in its amended petition was not to "contravene" the collection of a "tax" that First Aid has been ordered to pay.

■ We also reject First Aid's contention that *Modern Barber Colleges* is not applicable because it is no longer valid law. First Aid maintains that the Legislature has amended Code of Civil Procedure section 1094.5, the statute under which it brought the amended petition, numerous times since the Supreme Court decided *Modern Barber Colleges,* and "[n]ot once has the [L]egislature said anything even remotely resembling the idea that where there is a challenge to an [ALJ's] decision which might tangentially apply to a tax matter there is no jurisdiction." In 1985, the California Supreme Court cited its *Modern Barber Colleges* decision with approval in a case interpreting section 32 of article XIII, and reaffirmed that "the sole legal avenue for resolving tax disputes is a post-payment refund action," noting that this constitutional provision has been construed "broadly." (*State Bd. of Equalization v. Superior Court, supra,* 39 Cal.3d at pp. 638, 639.)

■ First Aid also contends the State is precluded from raising the decision in *Modern Barber Colleges* as a defense in this case because "[t]he State did not raise the issue of the ruling in [that case]" as a defense in *Southwest Research Institute, supra,* 81 Cal.App.4th 705. This contention is unavailing. For reasons that do not appear in the *Southwest Research Institute* published opinion, the Court of Appeal in that case did not discuss section 32 of article XIII, Unemp. Ins. Code, section 1851, *Modern Barber Colleges,* or the "pay first, litigate later" rule. However, authority which is expressly and lawfully denied to the courts in California by the state Constitution and the Legislature cannot be conferred to the trial court in the instant case by the failure of the State to raise the so-called "pay first, litigate later" or *Modern Barber Colleges* defense in another case. ■ For reasons discussed, *ante,* the courts in California lack jurisdiction to entertain a suit against the State that challenges an administrative decision that an individual is an employee for unemployment compensation purposes, when the net result of the relief prayed for is to prevent or enjoin the collection of unemployment insurance contributions. (Art. XIII, § 32; Unemp. Ins. Code, § 1851; *Modern Barber Colleges, supra,* 31 Cal.2d at p. 723; *State Bd. of Equalization v. Superior Court, supra,* 39 Cal.3d at pp. 638, 639.) First Aid may seek judicial review of Whittaker's administratively determined employee status by paying assessed unemployment insurance contributions, claiming a refund, and, following the denial (if any) of that claim, filing an action for refund in the superior court. (*Ibid.*)

## DISPOSITION

The judgment of dismissal is affirmed.

McDonald, J., and O'Rourke, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 8, 2006, S139037. Chin, J., did not participate therein.