Filed 7/28/14  Mikulaco v. J.P. Morgan Chase Bank CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| HENRY MIKULACO,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A. et al.,<br><br>    Defendants and Respondents. | H039061<br>(Santa Clara County<br>Super. Ct. No. CV203204) |

## I.  INTRODUCTION

Appellant Henry Mikulaco obtained a home loan mortgage from Washington Mutual Bank, F.A. (Washington Mutual) in the amount of $1.673 million.  The deed of trust provided that respondent California Reconveyance Company (CRC) was the trustee with power of sale.  After Mikulaco stopped making payments on the loan, CRC initiated foreclosure proceedings by recording a notice of default and election to sell under deed of trust.  The notice of default advised Mikulaco to contact respondent JPMorgan Chase Bank (JPMorgan) to arrange for payment to stop the foreclosure.  Mikulaco responded by filing the instant action against defendants CRC and JPMorgan, in which he alleges that defendants do not have the legal authority to foreclose.

The trial court sustained defendants' demurrers to the two causes of action asserted in the first amended complaint, fraud and "temporary and permanent injunctive

relief," without leave to amend and entered a judgment dismissing the action with prejudice. For the reasons stated below, we conclude that the trial court did not err and that Mikulaco has not shown on appeal that the first amended complaint may be further amended to state a cause of action for wrongful foreclosure. We will therefore affirm the judgment.

## II. FACTUAL BACKGROUND

Our summary of the facts is drawn from the allegations of the first amended complaint and its exhibits, since in reviewing a ruling sustaining a demurrer without leave to amend we assume the truth of the properly pleaded factual allegations and the facts appearing in the exhibits attached to the complaint. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*); *Gu v. BMW of North America, LLC* (2005) 132 Cal.App.4th 195, 200 ; *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 225-226 (*Rutherford*).)

In December 2007, Mikulaco "entered into a residential mortgage loan transaction" with Washington Mutual in which he borrowed $1.673 million to purchase a home in Cupertino. The transaction included an adjustable rate note and a deed of trust, which were both attached as exhibits to the first amended complaint.

The adjustable rate note indicated that Mikulaco's monthly payments would be $9,052.08. The loan was secured by the deed of trust on the Cupertino property, which stated that the lender was the beneficiary and CRC was the trustee with the power of sale. Mikulaco later received notice that servicing of the loan had been transferred to JPMorgan.

In 2010, Mikulaco received a " 'Notice of Default and Election to Sell Under Deed of Trust' " dated July 22, 2010. The notice of default stated that " '[t]o find out the amount you must pay, or to arrange for payment to stop the foreclosure . . . contact: JPMorgan . . . .' " Mikulaco was not provided "with any assignment or other documentation which demonstrates that [JPMorgan] or [CRC] acquired the full and

2

unencumbered interest in the mortgage loan from the original lender . . . ." The absence of this documentation indicated to Mikulaco that his loan "was the subject of a securitized mortgage transaction" and therefore "the true owner(s) and holders(s) of the Note and Deed of Trust are unknown."

In addition, since JPMorgan could not show that its purchase of Washington Mutual's assets included Mikulaco's home loan, Mikulaco alleged that the foreclosure was "wrongfully instituted" because defendants did not have legal authority to foreclose.

### III.  PROCEDURAL BACKGROUND

In June 2011 Mikulaco filed a complaint naming JPMorgan and CRC as defendants. Based primarily on his allegations that neither defendant had legal authority to foreclose on his home in Cupertino, Mikulaco asserted causes of action for declaratory relief and injunctive relief. The trial court issued a temporary restraining order on July 16, 2011, that enjoined defendants from taking any further action concerning the sale of the property.

Defendants demurred to the complaint on the grounds that both causes of action failed to allege facts sufficient to state a cause of action and the complaint was uncertain, ambiguous, or unintelligible. Mikulaco did not oppose the demurrers.

On September 8, 2011, the trial court denied Mikulaco's request for a preliminary injunction. Thereafter, on November 1, 2011, Mikulaco filed a first amended complaint, which included a first cause of action for "temporary and permanent injunctive relief" and a second cause of action for fraud. The first amended complaint omitted the cause of action for declaratory relief that had been included in the original complaint.

Defendants demurred to the first amended complaint on the grounds that (1) injunctive relief is a remedy, not a cause of action; and (2) the fraud cause of action failed because the first amended complaint did not allege all of the elements of a fraud claim.

3

In its order entered on April 13, 2012, the trial court ruled on the parties' requests for judicial notice and sustained the demurrers to both causes of action without leave to amend.

As to the fraud cause of action, the April 13, 2012 order states in part: "The second cause of action alleges that Defendants 'had actual knowledge that their written instruments as to alleged ownership of the Plaintiff's mortgage loans and the legal entitlement to demand monies from Plaintiff and initiate foreclosure proceedings were false statements of material facts.' [Citation.] However, the [first amended complaint] fails to identify any specific misrepresentations and/or 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.' [Citation.]"

The order also states, with regard to the fraud cause of action, that "despite Plaintiff's allegations to the contrary, the judicially noticeable documents establish that CRC was authorized to initiate the foreclosure proceedings under Civil Code section 2924." With respect to JPMorgan, the order further states that " '[t]here is no requirement under California law for an assignment to be recorded in order for an assignee beneficiary to foreclose.' [Citation.]"

Regarding the cause of action for "temporary and permanent injunctive relief" the trial court agreed with defendants that injunctive relief is a remedy, not a cause of action, and sustained the demurrer on the ground that injunctive relief may not be granted unless a cause of action exists.

The court denied leave to amend because Mikulaco had failed to demonstrate that the first amended complaint could be amended to state a claim. A judgment dismissing the entire action with prejudice was entered on October 12, 2012.

4

## IV. DISCUSSION

### A. *Threshold Issues*

As a threshold matter, we consider the issue of appealability since Mikulaco filed two notices of appeal. First, he filed a notice of appeal on April 25, 2012, stating that he appealed from the April 13, 2012 order sustaining the demurrer without leave to amend. After judgment was entered, he filed a second notice of appeal on December 4, 2014, from the "Order on October 24, 2012," which "granted Defendant's Demurrer to the First Amended Complaint."

" 'An order sustaining a demurrer without leave to amend is not appealable, and an appeal is proper only after entry of a dismissal on such an order.' [Citation.]" (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 528, fn. 1.) However, we will exercise our discretion to deem this appeal to have been taken from the October 12, 2012 judgment dismissing the entire action with prejudice. (See *First Aid Services of San Diego, Inc. v. California Employment Development Dept.* (2005) 133 Cal.App.4th 1470, 1474, fn. 1.)

As another threshold matter, we determine that certain issues raised by Mikulaco in his appellate briefs are not cognizable in this appeal. The first amended complaint included a first cause of action for "temporary and permanent injunctive relief" and a second cause of action for fraud. However, Mikulaco argues that he pleaded sufficient facts to maintain his "wrongful foreclosure claim" although the first amended complaint does not include a cause of action for wrongful foreclosure. Since a cause of action for wrongful foreclosure was not pleaded in the first amended complaint, we need not address the sufficiency of the first amended complaint's allegations for that purported cause of action.

Mikulaco also argues on appeal that he has pleaded sufficient facts for a declaratory relief cause of action. Although the original complaint contained a cause of action for declaratory relief, the first amended complaint does not. " 'It is well established that an amendatory pleading supersedes the original one, which ceases to

5

perform any function as a pleading. [Citations.]' [Citation.] 'Such amended pleading supplants all prior complaints. It alone will be considered by the reviewing court. [Citations.]' [Citation.]" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 884.) Thus, "a reviewing court ordinarily will not consider the sufficiency of a superseded pleading. [Citations.]" (*Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459, 488.) Since the original complaint is not before us, we will disregard Mikulaco's contentions that he pleaded facts sufficient for a cause of action for declaratory relief.

### B. *Standard of Review*

The standard of review is well established. On appeal from a judgment of dismissal after a demurrer is sustained without leave to amend, the standard of review is de novo. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.) In performing our independent review of the complaint, we assume the truth of all facts properly pleaded by the plaintiff. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 (*Evans*).) "We also accept as true all facts that may be implied or reasonably inferred from those expressly alleged. [Citation.]" (*Rotolo v. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th 307, 320-321, disapproved on another ground in *Verdugo v. Target Corp.* (2014) 59 Cal.4th 312, 334.) Further, "we give the complaint a reasonable interpretation, and read it in context." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).) But we do not assume the truth of " ' "contentions, deductions or conclusions of fact or law." ' " (*Evans*, *supra*, 38 Cal.4th at p. 6.)

We also consider matters that may be judicially noticed and facts appearing in the exhibits attached to the complaint. (Code Civ. Proc., § 430.30, subd. (a); *Schifando, supra,* 31 Cal.4th at p. 1081; *Blank*, *supra*, 39 Cal.3d at p. 318; *Rutherford*, *supra*, 223 Cal.App.4th at pp. 225-226.) After reviewing the allegations of the complaint, the complaint's exhibits, and the matters properly subject to judicial notice, we exercise our

independent judgment as to whether the complaint states a cause of action as a matter of law.  (See *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

Additionally, "[i]f the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment.  [Citation.]  If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred.  [Citation.]  The plaintiff has the burden of proving that an amendment would cure the defect.  [Citation.]" (*Schifando*, *supra*, 31 Cal.4th at p. 1081.)

We will apply this standard of review to the causes of action alleged in the first amended complaint for fraud and injunctive relief to determine whether the trial court properly sustained defendants' demurrers without leave to amend.

### C. *Fraud*

Regarding the fraud cause of action, Mikulaco offers only the conclusory assertion that the trial court made "another erroneous ruling" when the court sustained the demurrer to the fraud cause of action without leave to amend.  Mikulaco also argues that the trial court erred in granting defendants' request for judicial notice and in failing to grant leave to amend.

Defendants argue that the allegations of the first amended complaint were insufficient to state a fraud cause of action because Mikulaco has not identified any specific false representation that was made to him by JPMorgan or CRC, and has also failed to adequately plead reliance and damages.

Under the well established principles of appellate review, Mikulaco "bore the burden to show how the alleged facts are sufficient to establish every element of this cause of action.  [Citations.]" (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1502.)  Since on appeal Mikulaco has failed to provide any reasoned explanation or cite any authority to support his contention that the trial court's ruling

7

sustaining the demurrer to the fraud cause of action without leave to amend was error, we may treat that challenge as waived. (See *ibid*.) " ' "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived" ' " (*Ibid*.) However, even assuming that Mikulaco has not waived his challenge to the order sustaining the demurrer to the fraud cause of action, we would find his challenge to lack merit.

The California Supreme Court has established the requirements for pleading a fraud claim. In *Lazar v. Superior Court* (1996) 12 Cal.4th 631 (*Lazar*), the court stated the elements of a fraud cause of action: (1) misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damages. (*Id*. at p. 638; see also *Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1469.)

The *Lazar* court also instructed that "[i]n California, fraud must be pled specifically; general and conclusory allegations do not suffice. [Citations.] 'Thus " 'the policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective in any material respect.' " [Citation.] [¶] This particularity requirement necessitates pleading *facts* which "show how, when, where, to whom, and by what means the representations were tendered." ' [Citation.]" (*Lazar*, *supra*, 12 Cal.4th at p. 645.)

In his fraud cause of action, Mikulaco alleges that (1) defendants attempted to foreclose on his property when "they knew or should have known they did not have a right to the obligation and were not the valid Trustee"; (2) defendants had actual knowledge that their "written instruments as to alleged ownership of [his] mortgage loans" and "legal entitlement to demand monies from [him] . . . were false statements of material facts"; (3) defendants intended that Mikulaco rely on their false statements with the intent to defraud him; (4) he reasonably relied on defendants' "written statements," "including but not limited to paying monies to [d]efendants . . . when demanded";

8

(5) defendants knowingly attempted to foreclose without documenting that they had acquired his loan from Washington Mutual; and (6) defendants are attempting to foreclose on a property without showing they have a valid deed of trust.

Under *Lazar*, these allegations are insufficient because they lack the requisite allegations of " ' "how, when, where, to whom, and by what means the representations were tendered." ' [Citation.]" (*Lazar*, *supra*, 12 Cal.4th at p. 645; see also *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 763 [fraud allegations insufficient where no allegations as to who made statements or when they were made]; *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1091 (*Glaski*) [fraud allegations insufficient due to conclusory allegations of reliance]; compare with *West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 793 [fraud allegations sufficient where it was alleged that the defendant made misrepresentations in specific dated documents and during telephone conferences on certain dates, and the documents were attached to the complaint].)

For these reasons, we determine that the allegations in the first amended complaint are insufficient to state a cause of action for fraud. Mikulaco has not shown how the deficiencies in the cause of action for fraud may be cured by amendment. (See *Schifando*, *supra*, 31 Cal.4th at p. 1081.) We therefore also determine that the trial court properly sustained the demurrer to the first cause of action for fraud without leave to amend.

### D. *Injunctive Relief*

Mikulaco does not address that portion of the the trial court's order sustaining defendants' demurrer to the cause of action for "temporary and permanent injunctive relief" without leave to amend. An appellant's failure to address a cause of action on appeal from the trial court's order sustaining a demurrer constitutes abandonment of that cause of action on appeal. (*Buller v. Sutter Health* (2008) 160 Cal.App.4th 981, 984; see

9

also *Morgan v. AT&T Wireless Services, Inc.* (2009) 177 Cal.App.4th 1235, 1262-1263.) We may therefore find that Mikulaco has abandoned this cause of action.

In any event, as defendants point out, "[i]njunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted. [Citation.]" (*Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168; see also *County of Del Norte v. City of Crescent City* (1999) 71 Cal.App.4th 965, 973 [a permanent injunction is attendant to an underlying cause of action].) Since, as we have discussed, the trial court properly sustained the demurrer to the cause of action for fraud without leave to amend, no cause of action exists in this matter and therefore injunctive relief may not be granted.

### E. *Request for Leave to Amend*

In his reply brief, Mikulaco asserts that he "has shown there is a 'reasonable possibility' that the complaint can be cured by amendment and therefore the judgment should be reversed."

"When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made." (Code Civ. Proc. § 472c, subd. (a); *Mercury Ins. Co. v. Pearson* (2008) 169 Cal.App.4th 1064, 1072.) Further, "[w]hen a demurrer is sustained without leave to amend the [plaintiff] may advance on appeal a new legal theory why the allegations of the petition state a cause of action. [Citation.]" (*20th Century Ins. Co. v. Quackenbush* (1998) 64 Cal.App.4th 135, 139, fn. 3.) The plaintiff has the burden to show how the complaint could be amended to state a cause of action. (*Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal.App.4th 837, 861.)

"To satisfy that burden on appeal, a plaintiff 'must show in what manner he [or she] can amend his [or her] complaint and how that amendment will change the legal effect of his [or her] pleading.' [Citation.] The assertion of an abstract right to amend

10

does not satisfy this burden. [Citation.] The plaintiff must clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.] Allegations must be factual and specific, not vague or conclusionary. [Citation]." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44 (*Rakestraw*).)

To the extent Mikulaco argues that the first amended complaint may be further amended to state a cause of action for wrongful foreclosure, we are not convinced that he has met his burden on appeal. To "maintain a wrongful foreclosure claim, a plaintiff must allege that (1) the defendants caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust; (2) the plaintiff suffered prejudice or harm; and (3) the plaintiff tendered the amount of the secured indebtedness or was excused from tendering. [Citation.]" (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1062.) Mikulaco has not alleged that his property was sold at a foreclosure sale and has not argued that his complaint could be amended to allege such a sale.

Moreover, even assuming that Mikulaco is arguing that he may state a cause of action for wrongful foreclosure on the theory that defendants lack legal authority to foreclose, he has not met his burden on appeal. We understand Mikulaco to rely on the decision in *Glaski*, *supra*, 218 Cal.App.4th 1079, in which the appellate court determined that the plaintiff had "stated [a] cognizable claim for wrongful foreclosure under the theory that the entity invoking the power of sale . . . was not the holder of the [plaintiff's] deed of trust." (*Id*. at p. 1097; but see *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 82 [California courts have refused to delay foreclosure proceedings by allowing preemptive suits requiring a foreclosing party to demonstrate authority to foreclose]; *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216

11

Cal.App.4th 497, 511-512 [same].) The decision in *Glaski* does not aid Mikulaco because in that case, unlike here, a nonjudicial foreclosure sale of the plaintiff's property had taken place before the wrongful foreclosure action was brought. (*Glaski*, *supra*, 218 Cal.App.4th at p. 1086.)

Accordingly, we determine that Mikulaco has not met his burden on appeal to show that the first amended complaint may be further amended to state a cause of action for wrongful foreclosure. (See *Rakestraw*, *supra*, 81 Cal.App.4th at pp. 43-44.)

## V.  DISPOSITION

The judgment dismissing the entire action with prejudice, entered on October 12, 2012, is affirmed. Costs on appeal are awarded to respondents.


_____
BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:


_____
MÁRQUEZ, J.


_____
GROVER, J.

12