Filed 11/26/14  Ventura Office Suites v. Cal. Unempl. Ins. Appeals Bd. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| VENTURA OFFICE SUITES, <br><br>  Plaintiff and Appellant, <br><br> v. <br><br> CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD, <br><br>  Defendant and Respondent; <br><br> NAOMI DEL RIO, <br><br>  Real Party in Interest. | 2d Civil No. B248108 <br> (Super. Ct. No. 56-2011-00406799-CU-WM-VTA) <br> (Ventura County) |

Respondent California Unemployment Insurance Appeals Board (Board) determined Naomi Del Rio was eligible for unemployment insurance (UI) benefits as an employee of appellant Ventura Office Suites (VOS).  VOS petitioned the trial court for a writ of mandate reversing the Board's decision.  In opposing the petition, the Board contended that judicial review of its decision is premature under the "pay first, litigate later" rule, which prohibits an employer from filing an action to prevent or enjoin the collection of a tax or UI contribution.  The rule requires the employer to first pay the tax

or contribution and then seek an administrative refund. (See Unemp. Ins. Code, § 1851;[1] *Western Oil & Gas Assn. v. State Bd. of Equalization* (1987) 44 Cal.3d 208, 213.) Here, it is undisputed that VOS has neither paid, nor been assessed, a tax or UI contribution based on the Board's decision. The trial court consequently denied the petition as "not ripe" for review. (See *First Aid Services of San Diego, Inc. v. California Employment Development Dept.* (2005) 133 Cal.App.4th 1470, 1479-1482 (*First Aid Services*).)

When the Board determines, as it did here, that a claimant is eligible for UI benefits, the employer does not pay those benefits. The benefits are paid from a pooled fund contributed to by all employers, and then "charged" to the specific employer's UI "reserve account" for the sole purpose of calculating the employer's future rate of contribution to the pooled fund. (§ 1025; *Lorco Properties, Inc. v. Department of Benefit Payments* (1976) 57 Cal.App.3d 809, 814 (*Lorco Properties*).) VOS contends the imposition of the "erroneous" charge to its reserve account for Del Rio's benefits, with the attendant increase in its future contribution rate, constitutes a wrongful deprivation of property, entitling it to immediate review of the Board's decision. (See *Interstate Brands v. Unemployment Ins. Appeals Bd.* (1980) 26 Cal.3d 770 (*Interstate Brands*).)

Resolution of this appeal requires us to reconcile the trial court's application of the "pay now, litigate later" rule to postpone judicial review of the Board's decision until after VOS pays a tax or UI contribution, which has not been and may never be assessed, with the holding in *Interstate Brands* that an employer has a fundamental vested right to be free of erroneous benefits charges to its UI reserve account. This complex issue generated three rounds of briefing.[2] In the first two rounds, the Board

---

[1] All statutory references are to the Unemployment Insurance Code unless otherwise stated.

[2] Following oral argument, VOS requested permission to file a supplemental brief addressing issues raised by the Board during oral argument. We granted the request and ordered the Board to respond. After reviewing the supplemental briefs, we vacated the submission and asked the Board to file an informal letter brief addressing four specific points. The Board complied, and upon receipt of VOS's reply, the matter was resubmitted.

insisted that review of its decision is not available until VOS pays the "required" UI contributions on Del Rio's behalf and then seeks a refund. When we asked the Board to specify when the "required" contributions will be assessed, so as to allow VOS to claim a refund and contest the benefits charge to its reserve account, the Board altered its position. It asserted, for the first time, that VOS was notified of the charge and contribution rate increase in 2011 and failed to exhaust its administrative remedies by filing an appropriate administrative protest.

The documents submitted by the Board to substantiate its exhaustion of administrative remedies argument were not presented to the trial court and we decline to judicially notice them on appeal. Based on the record before us, we conclude the trial court erred by applying the "pay first, litigate later" rule to deny VOS's petition. There is no evidence that judicial review of the Board's decision will prevent or enjoin the collection of a tax or UI contribution. (See § 1851.) No such assessment is due, and it appears none will be forthcoming. Accordingly, we reverse and remand for further proceedings on the petition.

FACTS AND PROCEDURAL BACKGROUND

VOS leased office space to Del Rio, a massage therapist, who subsequently sought UI benefits based on her employment with VOS. Upon reviewing her claim, the Employment Development Department (EDD) determined Del Rio was an employee of VOS. VOS appealed that determination. An administrative law judge (ALJ) found Del Rio was an independent contractor, and therefore ineligible for UI benefits.

EDD notified Del Rio she was overpaid benefits and requested a refund. Del Rio appealed, and the ALJ found she was, in fact, an employee and thus eligible for UI benefits. VOS appealed to the Board, which affirmed the ALJ's decision. EDD has not assessed any tax or UI contribution against VOS based on the Board's decision. Consequently, VOS has not paid any such tax or contribution.

VOS filed a petition for writ of mandate under Code of Civil Procedure section 1094.5 challenging the Board's determination that Del Rio was an employee. Citing *Interstate Brands, supra,* 26 Cal.3d 770, VOS alleged that its "right to be free from

3

erroneous and/or invalid charges to its [UI] reserve account is a fundamental vested right and therefore [it] is entitled to independent judicial review of the evidence."  The Board claimed the petition does not present a justiciable controversy because EDD has not assessed a UI tax or contribution which VOS has paid.  The Board asserted:  "[A]ll we have is a ruling by the EDD that was reversed by the Appeals Board saying that Ms. Del Rio is an employee, and that's it.  There [are] no financial repercussions, there [are] no consequences to the petitioner, and, therefore, this case is unripe."

VOS responded that even though it has not been assessed a tax or UI contribution, it has suffered a financial consequence.  It contended the "erroneous" charge to its UI reserve account for Del Rio's benefits placed it at risk for a higher future contribution rate.  Rejecting this contention, the trial court concluded "that pursuant to the California Constitution, Article X111, section 32, Unemployment Insurance Code § 1851, and the applicable case law [i.e., *Modern Barber Colleges, Inc. v. California Employment Stabilization Commission* (1948) 31 Cal.2d 720 (*Modern Barber Colleges*) and *First Aid Services, supra,* 133 Cal.App.4th at p. 1470] the case, at this time, is not 'ripe' under the doctrine of 'pay first, litigate later.'"  VOS appeals the judgment denying its petition without prejudice.

DISCUSSION

*A.  Standard of Review*

"In reviewing a decision of the [Board], the [trial] court exercises its independent judgment on the evidentiary record of the administrative proceedings and inquires whether the administrative agency's findings are supported by the weight of the evidence."  (*Agnone v. Hansen* (1974) 41 Cal.App.3d 524, 527.)  On review of the trial court's decision, "the appellate court is confined to an inquiry whether the findings and judgment of the trial court are supported by substantial, credible and competent evidence [citations], unless the probative facts are uncontradicted, not susceptible of opposing inferences, and, as a matter of law, compel a different conclusion from that reached by the trial court."  (*Ibid.*)  Whether a matter is ripe for adjudication is a question of law that we review de novo.  (*Wilson & Wilson v. City Council of Redwood City* (2011) 191

4

Cal.App.4th 1559, 1582; *Farm Sanctuary, Inc. v. Department of Food & Agriculture* (1998) 63 Cal.App.4th 495, 501, fn. 5.)

### B. Denial of Petition for Writ of Mandate

VOS contends the trial court erred by finding the Board's determination as to Del Rio's employment status is not ripe for judicial review. It asserts the "pay first, litigate later" rule does not apply because its petition does not seek to enjoin or prevent EDD's collection of a tax or UI contribution. It further maintains the denial of review contravenes its right under section 410 to challenge the Board's benefits decision through an administrative mandamus proceeding. On the record presented, we agree.

### 1. UI Reserve Account and Contribution Rate

California's UI program "is part of a national system of reserves designed to provide insurance for workers 'unemployed through no fault of their own, and to reduce involuntary unemployment and the suffering caused thereby to a minimum.' [Citation.]" (*American Federation of Labor v. Unemployment Ins. Appeals Bd.* (1996) 13 Cal.4th 1017, 1024.) Under this system, unemployment benefits are paid from a pooled fund contributed to by all employers. (§§ 976, 1025, 1521.) EDD maintains a reserve account for each employer strictly for the purpose of determining the employer's annual contribution rate to the pooled fund. (§ 1025; see *Lorco Properties, supra,* 57 Cal.App.3d at p. 814 ["An employer's sole interest in his reserve account is its use for calculation of his future tax rate"].) The reserve account, which contains no money, is credited with contributions made by the employer and charged with benefits paid to its former employees. (§ 1026, subds. (a)-(b).) The rate of an employer's future contributions to the pooled fund is based upon the ratio between its average base payroll and the net balance in its reserve account. (§ 977; *Interstate Brands, supra,* 26 Cal.3d at p. 781; *John Breuner Co. v. Perluss* (1963) 220 Cal.App.2d 163, 164-165.)

A decision awarding UI benefits to a claimant, which are chargeable to the employer's reserve account, typically increases the employer's rate of contribution to the pooled fund. (*Interstate Brands, supra,* 26 Cal.3d at pp. 776, 781; *Chrysler Corp. v. California Emp. Etc. Com.* (1953) 116 Cal.App.2d 8, 14 (*Chrysler Corp.*).)

5

Consequently, "[t]he imposition of an erroneous charge against an employer's account, with the attendant consequence of his having to pay an increased contribution, amounts to a wrongful deprivation of property." (*Interstate Brands,* at p. 776.) *Interstate Brands* held that the "[employer's] right to be free from erroneous charges to its unemployment insurance reserve account is a fundamental vested right," entitling it "to independent judicial review of the evidence when a decision of the Board affects that right." (*Id.* at pp. 780-781.) The court explained that because an employer has a pecuniary interest in any benefits charged against its reserve account, "[i]t is of direct financial advantage to an employer to prevent inroads on his reserve account chargeable to benefit payments in order to protect his merit rating or to become eligible for a reduced rate of contribution." (*Id.* at p. 776; see *Bodinson Mfg. Co. v. California E. Com.* (1941) 17 Cal.2d 321, 330 ["[I]t seems apparent that the employer whose reserve account is affected [has] sufficient incentive to challenge a decision awarding benefits"].)

### 2. *"Pay First, Litigate Later" Rule*

The "pay first, litigate later" rule requires a taxpayer to pay a tax before filing a judicial action to challenge the collection of the tax. (Cal. Const., art. XIII, § 32; *County of Los Angeles v. Southern Cal. Edison Co.* (2003) 112 Cal.App.4th 1108, 1116.) The rule, as it applies to UI contributions, is codified in section 1851: "No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action or proceeding, in any court against this State or against any officer thereof to prevent or enjoin the collection of any [UI] contribution sought to be collected under this division." It serves the important goal of assuring EDD has a reliable stream of income with which to fund the UI program. (*Milhous v. Franchise Tax Bd.* (2005) 131 Cal.App.4th 1260, 1266; *Pacific Gas & Electric Co. v. State Bd. of Equalization* (1980) 27 Cal.3d 277, 283 [purpose of rule "is to allow revenue collection to continue during litigation so that essential public services dependent on the funds are not unnecessarily interrupted"].)

In *First Aid Services,* the employer filed a petition contesting the Board's determination that a claimant was entitled to UI benefits as an employee. Because the employer had not paid a tax or UI contribution, the trial court dismissed the petition.

6

(*First Aid Services, supra,* 133 Cal.App.4th at p. 1476.) The Court of Appeal affirmed, concluding that section 1851, when read together with article XIII, section 32 of the California Constitution and *Modern Barber Colleges,* explicitly bars an equitable proceeding against the State "where the purpose of the proceeding is to 'prevent or enjoin the collection' of 'any tax,' or 'any contribution' assessed under the [UI] Code." (*First Aid Services,* at pp. 1479, 1482.) Without identifying any pending or anticipated assessments under the UI Code, the court determined "the net result of the relief prayed for [was] to prevent or enjoin the collection of [UI] contributions." (*Id.* at p. 1481.) It stated the employer's remedy was to "seek judicial review of [the worker's] administratively determined employee status by paying assessed [UI] contributions, claiming a refund, and, following the denial (if any) of that claim, filing an action for refund in the superior court." (*Ibid.*)

        *First Aid Services* did not consider the impact of the Board's benefits decision on the employer's UI reserve account. In that respect, it appears to be at odds with the holding in *Interstate Brands* that an employer's right to be free from erroneous charges to its reserve account entitles it to "independent judicial review of the evidence when a decision of the Board affects that right." (*Interstate Brands, supra,* 26 Cal.3d at pp. 780-781.) It also is inconsistent with a long line of appellate decisions permitting an employer to obtain judicial review of the Board's benefits decision by filing a petition for writ of mandate pursuant to section 410 and Code of Civil Procedure section 1094.5. (E.g., *Southwest Research Institute v. Unemployment Ins. Appeals Bd.* (2000) 81 Cal.App.4th 705, 710-711 [issuing writ of mandate setting aside Board's finding that worker was employee and directing EDD not to charge UI benefits against employer]; *Metric Man, Inc. v. Unemployment Ins. Appeals Bd.* (1997) 59 Cal.App.4th 1041, 1051-1052 [denying employer's petition challenging Board's decision awarding traveling salesman UI benefits]; *Board of Education v. Unemployment Ins. Appeals Bd.* (1984) 160 Cal.App.3d 674, 690 [granting petition protesting Board's award of benefits to substitute teacher]; *Citroen Cars Corp. v. Unemployment Ins. Appeals Bd.* (1980) 107 Cal.App.3d 945, 948-950 [denying petition challenging Board's decision that employees receiving

7

severance were eligible for UI benefits]; *Interstate Brands, supra,* 26 Cal.3d at pp. 772-773,780-781 [granting petition and ordering removal of improper benefits charges to employer's reserve account]; *Windigo Mills v. Unemployment Ins. Appeals Bd.* (1979) 92 Cal.App.3d 586, 601-603 [granting petition contesting award of UI benefits to striking workers]; *Chrysler Corp., supra,* 116 Cal.App.2d at pp. 19-20 [granting petition and ordering removal of UI benefits improperly charged to employer's account]; see *Whitcomb Hotel, Inc. v. Cal. Emp. Com.* (1944) 24 Cal.2d 753, 760 ["The propriety of the payment of benefits . . . is properly challenged by an employer . . . by a petition for a writ of mandamus"].)

Moreover, *First Aid Services* is premised upon *Modern Barber Colleges, supra,* 31 Cal.2d at page 722, in which the employer challenged the decision by the Board's predecessor that certain workers were eligible for UI benefits. (*First Aid Services, supra,* 133 Cal.App.4th at pp. 1479-1480.) The Supreme Court held the employer's petition was barred because it sought judicial review "prior to payment of the contributions which *the board claims to be due*." (*Modern Barber Colleges,* at pp. 722-723, italics added.) It reasoned that "[s]ince the net result of the relief prayed for herein would be to restrain the collection of the tax *allegedly due*, the action must be treated as one having that purpose." (*Id.* at p. 723, italics added; see *California Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247-249, 251 (*California Logistics*) [review barred where employer was assessed, but had not paid, $1,287,898.90 in UI contributions and other taxes].)

Here, the Board has not identified any tax or contribution that is "due" and must be paid before VOS may seek a refund and presumably challenge the benefits charge to its reserve account. (*Modern Barber Colleges, supra,* 31 Cal.2d at p. 723; see *California Logistics, supra,* 161 Cal.App.4th at pp. 247-249, 251.) At oral argument, the Board's counsel urged that VOS could seek a refund of the benefits charge under section 1241, subdivision (a), which allows an employer to seek recovery of "contributions, interest or penalties alleged to have been erroneously or illegally assessed or collected." VOS's supplemental brief demonstrated this was incorrect. Because the employer does

8

not actually pay the benefits charged to its reserve account, there is nothing for EDD to refund. The benefits are "charged" to the account solely for the purpose of calculating the employer's future UI contribution rate. (§ 1025; *Lorco Properties, supra,* 57 Cal.App.3d at p. 813.)

The Board's supplemental brief conceded the charge to VOS's reserve account for Del Rio's benefits may result in a higher future contribution rate, but reiterated its position that VOS "is required to make [UI] contributions on [Del Rio's] behalf" and then seek a refund. We asked the Board to submit an informal letter brief discussing, among other things, how and when the "required" UI contributions will be assessed, and addressing VOS's contention that any such assessments would be barred by the statute of limitations. (See § 1132.)

### 3. *The Board's Request for Judicial Notice*

The Board's responsive letter brief does not identify any "required" tax or UI contribution assessment that, once paid, will trigger VOS's right to seek a refund. Nor does it address the statute of limitations issue. Instead, it requests that we take judicial notice of two documents purportedly issued to VOS by EDD in 2011: (1) statement of charges to reserve account dated October 7, 2011, and (2) notice of contribution rates and statement of UI reserve account for the period of January 1, 2012, to December 31, 2012. The Board represents these documents confirm that VOS's reserve account was charged $4,082 for Del Rio's benefits, and that VOS was provided "with instructions for challenging assessments to [its] reserve account and higher employer contribution rates."

Now, for the first time, the Board argues that because VOS did not file a timely petition for reassessment, VOS has failed to exhaust its administrative remedies to challenge the increase in its contribution rate. (See §§ 1222-1224, 1033-1036.) This is directly contrary to its prior assertions, both in this court and in the trial court, that VOS is not entitled to any type of judicial review of the Board's decision until it pays an assessed tax or UI contribution and seeks an administrative refund.

It is a fundamental principle of appellate law that our review of the trial court's decision must be based on the evidence before the court when it entered the

judgment.  (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3; *Kumar v. National Medical Enterprises, Inc.* (1990) 218 Cal.App.3d 1050, 1057, fn. 1.)  The documents, which EDD purportedly issued in 2011, were available when the Board opposed the petition in 2012.  The Board provides no explanation for its failure to introduce them in the trial court.  Accordingly, we deny the request for judicial notice as an "untimely attempt to introduce new evidence on appeal."  (*Templeton Action Committee v. County of San Luis Obispo* (2014) 228 Cal.App.4th 427, 433.)  We also decline to consider a defense that was not raised in the trial court.  (*Hepner v. Franchise Tax Bd.* (1997) 52 Cal.App.4th 1475, 1486 ["Points not raised in the trial court will not be considered on appeal"].)

### *4.  Conclusion*

The "pay first, litigate later" rule is not implicated unless the employer's action has the effect of impeding the collection of a tax or UI contribution.  (§ 1851; *Western Oil & Gas Assn. v. State Bd. of Equalization, supra,* 44 Cal.3d at p. 213; *Modern Barber Colleges, supra*, 31 Cal.2d at pp. 722-723.)  The record fails to support the trial court's determination that allowing judicial review of the Board's decision will have this effect.  There is no evidence the decision, which was issued in 2011, has resulted in or will result in a tax or UI contribution assessment, let alone that judicial review will impede its collection.  Indeed, the Board's latest brief seems to concede this issue.  In response to one of our questions, the Board states that allowing immediate judicial review "could have the effect of preventing or impacting the collection of taxes if [the Board] determines that a claimant is *an independent contractor and not an employee*."  (Italics added.)  The only consequence it identifies if the claimant is determined to be an employee, as Del Rio was here, is that the employer's reserve account will be charged with benefits that may result in a higher future employer contribution rate.  This is the precise harm VOS's petition seeks to redress**.**  (*Interstate Brands, supra,* 26 Cal.3d at p. 776.)

We conclude the "pay first, litigate later" rule does not preclude judicial review of the Board's decision, and accordingly reverse the judgment denying the petition

10

on that basis. We do not reach VOS's contention that the Board, by failing to oppose the petition on the merits, implicitly admitted that it is meritorious. Nor do we reach VOS's claim that the Board lacked authority to reopen the prior determination that Del Rio was an independent contractor. These issues are more appropriately addressed to the trial court on remand.

## DISPOSITION

The judgment is reversed and the matter remanded for further proceedings on VOS's petition for writ of mandate. VOS shall recover its costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

11

Frederick Bysshe, Judge

Superior Court County of Ventura

_____

Littler Mendelson, William Hays Weissman for Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Senior Assistant Attorney General, Leslie P. McElroy, Richard Waldow, Supervising Deputy Attorneys General, Phillip J. Matsumoto, Chara L. Crane, Deputy Attorneys General, for Respondent.

No appearance for Real Party in Interest.